UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE: 1:12-cv-20782-PAS

JOHN M. PEAVY,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
JOHN PORTER, R.N., and
VAL VALENCIA, M.D.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT CARNIVAL CORPORATION'S MOTION TO DISMISS

This matter is before the Court on Defendant Carnival Corporation's Motion to Dismiss Plaintiff's Complaint [DE-7].[1] Plaintiff John M. Peavy slipped and fell while a passenger on a cruise ship owned and operated by Defendant Carnival Corporation ("Carnival"). Peavy sought medical care by the ship-board nurse, John Porter, and doctor, Val Valencia. Peavy filed a complaint against Carnival, Valencia, and Porter. Carnival moves to dismiss Counts II, III, and IV. For the reasons set forth below, the motion to dismiss is granted with prejudice as to Count II and with leave to replead as to Counts III and IV if sufficient facts exist to support the theories of apparent agency and negligent hiring and retention, respectively.

### I. Background Facts

According to the Complaint, Peavy was a passenger aboard Carnival's cruise ship on or about September 27, 2010 when he slipped and fell on the ship's Lido Deck. Compl., ¶ 9 [DE-

---

[1] Plaintiff moved for oral argument on the motion [DE-31]. That motion is denied as moot.

1]. Peavy went to the ship's infirmary and described the accident to Porter, whose measurement of Peavy's left knee, which was injured, was 1.5 inches larger than his right knee. *Id.*, ¶ 10. Peavy alleges that despite clear signs of pain and injury, the ship's doctor did not meet with or examine Peavy. *Id.* Instead, Peavy alleges, Porter told him that there was no serious injury and that Peavy could continue the cruise and apply ice to the injured knee. *Id.*, ¶ 11. Peavy asserts that several weeks after his injury, his leg gave way while he was walking. *Id.*, ¶ 13. Peavy visited an orthopedic surgeon and learned that he had injured his quadriceps tendon and knee, requiring surgery and rehabilitation. *Id.*

Peavy filed the six-count complaint on February 27, 2012. The Complaint alleges four counts against Carnival: Count I for negligence; Count II for vicarious liability for the acts of Valencia and Porter based on actual agency; Count III for vicarious liability for the negligence of Valencia and Porter based on apparent agency; and Count IV for negligent hiring and retention. Carnival moves to dismiss Counts II, III, and IV.

## II.     Legal Standard

A party may move the Court to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995). Such a motion does not decide whether the plaintiff will ultimately prevail on the merits, but instead whether such plaintiff has properly stated a claim and should therefore be permitted to offer evidence in support thereof. *Brandt v. Bassett*, 69 F.3d 1539, 1550 (11th Cir. 1995). To survive a motion to dismiss, a complaint must contain allegations addressed to each material element "necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001). This

material can be either direct or inferential, *see id.* at 683, but it must be factual. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007); *see also Roe*, 253 F.3d at 683. Thus, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Twombly*, 127 S. Ct. at 1965. Pleadings that "are no more than conclusions, are not entitled to the assumption of truth[;] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Finally, when a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

### III. Discussion

#### A. Count II is Dismissed with Prejudice.

Count II alleges that Carnival is liable for Valencia and Porter's negligence under a theory of vicarious liability based on actual agency. Carnival seeks to dismiss this claim on the ground that a majority of courts have rejected holding a shipowner liable under any theory of *respondeat superior* for the negligence of medical personnel. *Barbetta v. S/S Bermuda Star*, 848 F.2d 1364, 1371 (5th Cir. 1988)[2]; *see Carnival Corp. v. Carlisle*, 953 So. 2d 461 (Fla. 2007) (following *Barbetta* and citing federal cases holding that a ship owner is not vicariously liable for the medical negligence of the onboard physician). This rule is premised on the fact that cruise lines "lack control over the highly personalized doctor-patient relationship," as well as the "expertise

---

[2] Federal maritime law controls the substantive issues in this case. *See Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Even when the parties allege diversity of citizenship as the basis of the federal court's jurisdiction,...if the injury occurred on navigable waters, federal maritime law governs....").

3

to supervise a doctor in his or her practice of medicine." *Suter v. Carnival Corp.*, 2007 U.S. Dist. LEXIS 95893, *8-9 (S.D. Fla. 2007) (internal citations omitted); *see also Barbetta*, 848 F.2d at 1371 ("It is pure sophistry to assert that a ship's master is capable of 'supervising' the medical treatment rendered by [an onboard] physician.")

Peavy essentially urges the Court to adopt a minority view that rejects *Barbetta* and instead holds that a shipowner may be held vicariously liable for the negligence of onboard medical personnel.[3] In applying maritime law, the court must follow the principles of harmony and uniformity. *See Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 902 (11th Cir. 2004) ("the purpose behind the exercise of this Court's admiralty jurisdiction is to provide for the uniform application of general maritime law."). In accordance with these principles, the Court reaffirms *Barbetta* as the settled law and holds that Carnival may not be held vicariously liable for Porter and Valencia's alleged medical negligence under a theory of actual agency. *See also Ridley v. NCL (Bahamas) Ltd.*, 824 F. Supp. 2d 1355, 1362 (S.D. Fla. 2010) ("It is well recognized that a cruise line cannot be vicariously liable for the negligence of its ship's doctor in the care and treatment of passengers."). Accordingly, Count II is dismissed with prejudice.

### B. Count III is Dismissed Without Prejudice.

Count III is a claim for vicarious liability for the negligence of Valencia and Porter based on apparent agency. Apparent agency is established where: (1) the alleged principal makes some sort of manifestation causing a third party to believe that the alleged agent had authority to act for the benefit of the principal; (2) the third party's belief was reasonable; and (3) the third party

---

[3] *See, e.g., Nietes v. American President Lines Ltd.*, 188 F. Supp. 219 (N.D. Cal. 1959); *Elizabeth Fairley v. Carnival Corp.*, 1993 A.M.C. 1633 (S.D. Fla. 1993); *Huntley v. Carnival Corp.*, 307 F. Supp. 2d 1372 (S.D. Fla. 2004).

reasonably acted on such belief to his or her detriment. *See Goldbach v. NCL (Bahamas) Ltd.*, 2006 WL 3780705, at * 3 (S.D. Fla. 2006). A plaintiff may seek to hold a cruise line vicariously liable under a theory of apparent agency. See *Suter*, 2007 U.S. Dist. LEXIS 95893 at *14-15.

Here, Peavy has failed to state a claim for Carnival's vicarious liability based on the medical staff's apparent agency. Peavy alleges that Carnival held Valencia and Porter as its employees because Valencia and Porter (1) provided their services in Carnival's infirmary; (2) wore uniforms as prescribed by Carnival, and (3) wore badges or name tags identifying themselves as Carnival's employees. Compl., ¶ 19. However, the Complaint contains no factual allegation to support the conclusion that these manifestations led Peavy to believe that Valencia and Porter were authorized to act for the benefit of Carnival, or that it was reasonable for him to act on this belief to his detriment. Because Peavy fails to plead facts to support a claim based on apparent agency, Count III is dismissed. In the event there are facts to support such a claim, the dismissal is with leave to replead.

C.   **Count IV is Dismissed Without Prejudice.**

Carnival has also moved to dismiss Count IV for failure to plead facts to support a negligent hiring claim. Peavy agrees with Carnival that the factual allegations supporting Count IV are insufficient and requests leave to amend the complaint as to this count [DE-17, pp. 14-15]. Upon review of the Complaint, the Court also agrees. Therefore, Count IV is dismissed with leave to replead if sufficient facts to exist to support a negligent hiring claim.

Upon consideration, it is hereby

ORDERED that

1.   Defendant Carnival Corporation's Motion to Dismiss Plaintiffs' Complaint [DE-

7] is GRANTED.

    2.    Count II is DISMISSED with prejudice.

    3.    Count III is DISMISSED with leave to replead.

    4.    Count IV is DISMISSED with leave to replead.

    5.    Any Amended Complaint must be filed no later than **November 14, 2012**.

    6.    Plaintiff's Request for Oral Argument [DE-31] is DENIED as MOOT.

DONE AND ORDERED in Miami, Florida, this 25th day of October, 2012.

                                                         PATRICIA A. SEITZ
                                                         UNITED STATES DISTRICT JUDGE

cc:    All counsel of record